FILED & JUDGMENT ENTERED
Steven T. Salata

May 13 2024

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

J. Craig Whitley
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

In re:  )
  )
**JOHNNY MARCANO**  )  Case No. 24-30108
  )  Chapter 7
Debtor.  )
  )

## ORDER DENYING PRO SE DEBTOR'S APPLICATION FOR ATTORNEY'S FEES

**THIS MATTER** is before the Court on the *pro se* Debtor's Application for Compensation filed May 7, 2024. The Debtor, who is not a licensed attorney, seeks $260,000 in attorney's fees awarded to himself under "General Statute 6-21.6," which he reports awards attorney's fees to the prevailing party of a contract dispute. He rationalizes this recovery because "[a]ll of the companies named in the Bankruptcy case were all in a contract with JOHNNY MARCANO[sic] and have all violated the security regulations put in place to protect the Consumer (G.S.78A-56)." It is unspecified as to which party he is expecting will pay this sum. Furthermore, the motion did not include a notice of hearing.

The Debtor cannot recover attorney's fees in his own bankruptcy case. Generally, a *pro se* litigant who is *not* a lawyer is not entitled to attorney's fees, even under a fee-shifting statute.

*See e.g.*, *Bond v. Blum*, 317 F.3d 385, 398-99 (4th Cir. 2003), *modified by sub nom Kirtsaeng v. John Wiley & Sons, Inc*, 579 U.S. 1979 (2016); *see also In re Shumate*, 1991 WL 426462 at *3-4 (W.D. Va. 1991) (finding *pro se* Debtor could not award himself compensation under 11 U.S.C. §§ 330:550 due to lack of authorization by Trustee or Court and a lack of benefit to the estate) *aff'd* 976 F.2d 727, 1992 WL 245850 (4th Cir. 1992)(unpublished).  Even an attorney cannot be awarded compensation awards from estate funds unless they are "employed by the trustee and approved by the court."  *Lamie v. U.S. Trustee*, 540 U.S. 526, 538-39 (2004).  Finally, an application for compensation may only be granted after notice of a hearing or opportunity for hearing.  Local Rule 9013-1.  This motion was not properly noticed, the Debtor is not a licensed attorney, the Debtor has provided no services benefitting the estate, and the Debtor was not employed or approved by the Trustee and Court.  The Debtor has no basis to recover attorney's fees.  For these reasons, the Debtor's application for compensation is **DENIED**.

    **SO ORDERED**.

| | |
|---|---|
| **This Order has been signed electronically.** <br> **The Judge's signature and Court's seal** <br> **appear at the top of the Order.** | **United States Bankruptcy Court** |