UNITED STATES BANKRUPTCY COURT WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTE DIVISION



Case Number: 24-30108

Chapter 7

'24 MAY 28 A11 :10

STEVEN T. SALATA

BY:_____

<u>OBJECTION TO THE MOTION TO DISMISS CHAPTER 7 CASE</u>

I, Marcano; Johnny, am the Legal representative of JOHNNY MARCANO in case number 24-30108. I am

objecting to the motion to dismiss, prepared by Shelley K. Abel and filed on May 21, 2024 by Steven T. Salata, who

also rescinded the Order to discharge and ordered a reset to the deadlines for the closing of the case. The Motion to

dismiss is a deliberate response to the motion filed, petitioning for attorney fees on behalf of JOHNNY MARCANO

in case number 24-30108. The aforementioned case was previously closed. No findings of errors or "Bad Faith"

claims were conveyed at any time during the Bankruptcy proceedings. This is a blatant attempt to stop the legal

representative from recouping any legal fees he is due and to punish the Client as the case would be dismissed,

forcing JOHNNY MARCANO to wait 180 days to be able to refile. As Legal representative, I admit, I was not

aware that the Petition for Attorney fees would fall upon the U.S. Bankruptcy Court. This is why when the appeal

was filed, the entire list of creditors mentioned within the case was submitted along with the appeal. It was my

understanding that the attorney fees would be paid out by the Lessors of this country who have been deceitful in

their dealings with JOHNNY MARCANO. I was not aware that the petition was against the Trustee and The United

States Bankruptcy court until I filed the appeal to the denied motion for attorney fees.

This is the first Time in Thirty-Nine years that JOHNNY MARCANO has filed for Bankruptcy. It is unjust

and unfair that he is being accused of abusing the Bankruptcy system. The initial matrix filed with the court was

done to start the process, as the second and third matrix filed involved an extensive list of "Creditors" that dated all

the way back to the Sunday school my client attended when he was still in the single digit years of life. I was

advised that I would be able to amend the list as the process continued. Such a list would take time to complete and

submit to the courts. I insist the filing for Bankruptcy by JOHNNY MARCANO was done in "GOOD FAITH."

Since the very beginning of the case, it was declared that there was an expectancy to "Regain Control of all Titles,

Rights, Interest, and Equity due to the Principal." This very topic was discussed and expressed during the March

18th, 2024 court date set before Honorable Judge J. Whitley. JOHNNY MARCANO stated that he needed to zero

out all the accounts attached to his estate, both private and public, so he can start to earn revenue from his estate. My client has been a victim of the Lessors of this country, and is now being targeted by the United States Bankruptcy Administration. JOHNNY MARCANO has been unemployed since November 1, 2023. His income was reported as the schedules dictated for the six months prior to his initial Filing date of February 1, 2024. At the time of filing, my client did not have any income and any monies reported were from months prior when he was still employed by one of the "Creditors" mentioned in his Matrix filing.

As you may be aware. There are no Law Libraries open to the public. Although I am a Legal Representative, and can legally represent JOHNNY MARCANO, in the capacity as his lawyer, I am not a member of the Bar Association. I have no legal right to access the law library, leaving me with a huge disadvantage in trying the case on Behalf of JOHNNY MARCANO, who was and is unable to retain legal counsel. All filings and information presented were given in GOOD FAITH and to the best of my abilities. When initially filing all schedules, the document given by the Courts requesting these schedules, did not mention having to give a copy of JOHNNY MARCANO's bank accounts to the courts. If this had been mentioned in the court order for the missing documents, a copy of the bank accounts would have been provided, as they were provided to trustee at the time Heather Culp. To be transparent, there was either a negative or zero balance in the Chase and Cash App bank accounts. I was also not aware of having to file amendments to schedules D,E,F,G after adding "Creditors" to the  Matrix filings. This was an oversight on my part. As I stated in the initial petition for attorney fees, it was Fiduciary duty to represent JOHNNY MARCANO, and I did so to the best of my ability. I filed both forms 101A and 101B on behalf of JOHNNY MARCANO. In form 101 B, I stated that Amber Lake Apartments have already been paid for the month of March. The Lessors lease agreement are contingent on JOHNNY MARCANO having to double pay to stay in the apartment, when they were already given permission to enter JOHNNY MARCANO's estate and receive a payment in full for the entirety of the lease. This was done with the initial Secured Collateral (the Application) was submitted by JOHNNY MARCANO to the affiliate party Amber Lake Apartments.

The Initial Trustee over the case, Heather Culp, displayed zero professionalism and showed no signs of actually working to my clients benefit in this case. It is her Fiduciary duty to administer the bankruptcy estate in a manner that is fair and equitable to all parties involved. The first time I was actually able to communicate with the Trustee was almost a month after the initial filing, despite several emails and phone calls being placed to Heather

Culp during the first month of filing. By the time we reached the meeting of creditors, there were intentions of replacing Ms. Culp as trustee over the case. I did not have any Faith or been shown by Ms. Culp, that she intended to have my client's best interest in this case. My client plead the fifth during the meeting of Creditors, not to avoid incriminating himself, which he is a law-abiding consumer, but to avoid questioning by someone he did not trust, and did not understand the line of questioning. My client was the only one in attendance for both meetings of Creditors, besides Ms. Culp, furthering the notion that he is actually the Creditor and not the Debtor as the Bankruptcy system dictates. As far as the statements pertaining to banks taking collateral and owing him money, My client was referring to Townebank, which is the Bank that does business with Amber Lake Apartments. This Bank, along with many other banks my client has dealt with, have violated the Truth in Lending Act and have locked the consumer out of their own securities, making their status as Beneficiaries to their own estate nonexistent. TowneBank received a secured collateral, in the form of an application, from JOHNNY MARCANO at the beginning of their contract from the affiliate party Amber Lake apartments. TowneBank then took this application, and used it to borrow the sum total of the contract from the Federal Reserve, thus receiving payment in full since the beginning of the contract. This process can be found in the Federal Reserve Act section 16 part 1 and 2, Issuance and Applications. Although my client has not entered probate at this time to petition for control of his estate, he has filled out Form 56 with the IRS, giving them "Notice Concerning Fiduciary Relationship" between himself and the estate. A valuation of the estate is still needed before my client is prepared to petition for control of the estate.

Bankruptcy is not a small task to complete when you are forced to enter the law field without any training. It is the equivalent of playing a game that you are not allowed to be told what the rules are. I say, It is in Bad Faith to expect a Legal Representative to perform on the same level as a licensed attorney without allowing them access to the Law Libraries held within both the Federal and State courthouses. I humbly request that all matters discussed in the abovementioned paragraphs be considered before deciding to dismiss this case, where it is clear, my client has been and is Acting in GOOD FAITH.

By; Marcano; Johnny FOR; JOHNNY MARCANO

05/28/24

Marcano; Johnny

2525 Lassen Bay Place

Charlotte, North Carolina 28215 [City, State, ZIP Code]

980-200-0376

Johnnymarcano32@gmail.com

05/24/24

To: Office of U.S. Bankruptcy Administrator

401 West Trade Street , Suite 2400

Charlotte, NC 28202

Re: Objection to Motion to Dismiss Case Number: 24-30108

Please find enclosed the 3 pages comprising the Objection to Motion to Dismiss in the above-referenced matter.
This objection is submitted on behalf of JOHNNY MARCANO in response to the Motion to Dismiss filed by
Steven T. Salata

We respectfully request that the court consider this objection and the accompanying arguments in support thereof.

Should you have any questions or require further information, please do not hesitate to contact me at 980-200-0376
or via email at johnnymarcano32@gmail.com.

Thank you for your attention to this matter.

Sincerely,

Marcano; Johnny

Enclosures: Objection to Motion to Dismiss

RECEIVED
U.S. Bankruptcy Court, NCW

MAY 2 8 2024

Steven T. Salata, Clerk
Charlotte Division/EA